UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS HENRY,

                    Plaintiff,

v.                                                                    9:19-CV-1059
                                                                     (DNH/TWD)

DAVID DINELLO,
                    Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

THOMAS HENRY
Plaintiff, *pro se*
19711
Cayuga County Jail
7445 County House Road
Auburn, New York 13201

HON. LETITIA JAMES                                 KONSTANDINOS D. LERIS
Attorney General for the State of New York         Assistant Attorney General
Counsel for Defendant
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

## I.    INTRODUCTION

       Thomas Henry ("Plaintiff"), an inmate formerly in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro*

*se* on August 28, 2019, against David Dinello ("Defendant" or "Dr. Dinello"). (Dkt. No. 1.) On

October 4, 2019, the Honorable David N. Hurd, United States District Judge, dismissed

Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure

to state a claim upon which relief may be granted but afforded him an opportunity to file an amended complaint.  (Dkt. No. 7 at 13.[1])  Plaintiff filed an amended complaint on October 18, 2019.  (Dkt. No. 8.)

On December 6, 2019, Judge Hurd construed Plaintiff's amended complaint as stating an Eighth Amendment medical indifference claim against Dr. Dinello.  (Dkt. No. 9.)[2]  On March 9, 2020, Defendant filed a motion for summary judgement, or, alternatively, to dismiss for failure to state a claim.  (Dkt. No. 18.)  On March 27, 2020, Plaintiff filed a response in opposition to Defendant's motions.  (Dkt. No. 23.)  On April 9, 2020, Defendant filed a reply.  (Dkt. No. 24.)  On June 11, 2020, Plaintiff filed a notice of change of address.  (Dkt. No. 25.)[3]  On January 12, 2021, this Court recommended denying Defendant's motions.  (Dkt. No. 27.)  The Clerk was directed to provide a copy of the order to Plaintiff.  *Id*. at 8.  On January 27, 2021, the mailed copy of that order was returned and the envelope was marked "Return to Sender – Not Deliverable as Addressed – Unable to Forward."  (Dkt. No. 28.)

On February 4, 2021, Judge Hurd adopted this Court's recommendation and denied Defendant's motions.  (Dkt. No. 29.)  Judge Hurd directed the Clerk to provide a copy of the order to Plaintiff.  *Id*. at 2.  On February 18, 2021, Defendant filed an answer.  (Dkt. No. 30.)  Defendant served a copy of the answer to Plaintiff's last listed address.  (Dkt. No. 30-1.)  That

---

[1]  Page references to docket entries are to the page number the Court's CM/ECF system automatically assigns.

[2]  The October 4, 2019, and December 6, 2019, decisions stated "Plaintiff is . . . required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in dismissal of his action[.]"  (Dkt. No. 7 at 14; Dkt. No. 9 at 11.)

[3]  Plaintiff's mailing address was listed as "Cayuga County Jail, 7445 County House Road, Auburn, NY 13021."  (Dkt. No 25.)

same day the Court issued the Mandatory Pretrial Discovery and Scheduling Order.  (Dkt. No. 31.)  The Court mailed a copy of the Scheduling Order to Plaintiff.  *Id.*

Judge Hurd's February 4, 2021, order adopting this Court's recommendation was returned as undeliverable on February 22, 2021.  (Dkt. No. 32.)  The Scheduling Order was returned as undeliverable on February 26, 2021.  (Dkt. No. 33.)  Defendant's answer was returned to counsel's office as undeliverable on March 15, 2021.  (Dkt. No. 34 at 2.)  On March 16, 2021, Defendant filed a letter motion requesting a telephone conference.  *Id.*  The letter informed the Court that Plaintiff was no longer in DOCCS' custody.  *Id.*

On April 9, 2021, this Court issued a Text Order staying the previously established deadlines and directing Plaintiff "to file a change of address and a statement with the Court by 4/30/2021 indicating his interest in continuing to pursue this action."  (Dkt. No. 35.)  The Text Order warned that "Plaintiff's failure to respond to this directive may result in sanctions including, but not limited to, dismissal of the action for failure to prosecute and failure to follow Court orders and directives."  *Id.*  A copy of the Text Order was sent to Plaintiff's last reported address.  *Id.*  On April 19, 2021, the copy of the Text Order was returned to the Court as undeliverable.  (Dkt. No. 36.)  Plaintiff has not provided any response to the Text Order either to the Court or to Defendant.

On May 5, 2021, the Court directed Defendant to file a motion seeking dismissal for failure to prosecute and failure to follow Court orders and directives.  (Dkt. No. 37.)  A copy of this Text order was sent to Plaintiff at the address the Court has on file for him and it was also returned as undeliverable.  (Dkt. No. 38.)  A subsequent search of DOCCS' website revealed that Plaintiff was released from DOCCS' custody to parole supervision on May 22, 2020.  (Dkt. No.

39-2 at 3.)  Plaintiff's last communication with this Court was the notice of change of address, filed on June 11, 2020.  (Dkt. No. 25.)

Presently before the Court is Defendant's motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure and Rules 10.1(c)(2) and 41.2(b) of this District's Local Rules of Practice.  (Dkt. No. 39.)  In a memorandum in support of his motion, Defendant argues the Court should dismiss the action for failure to prosecute because Plaintiff's "failure to notify this Court or defense counsel of his change of address has rendered Defendant unable to begin discovery or take Plaintiff's deposition."  (Dkt. No. 39-2 at 7.)  For the reasons that follow, the Court recommends granting Defendant's motion.

## II.    MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Rule 41 of the Federal Rules of Civil Procedure States that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."  Fed. R. Civ. P. 41(b).[4]  "A dismissal under this subdivision . . . operates as an adjudication on the merits."  *Id*.  The Second Circuit has emphasized that "dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'"  *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  A Court analyzing a motion to dismiss must weigh the following five factors: –

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing

---

[4]  Local Rule 10.1(c)(2) states that "all attorneys of record and pro se litigants must immediately notify the court of any change of address," and requires parties to file the notice of change with the Clerk and serve all other parties to the action.  L.R. 10.1(c)(2).  Another Rule provides that "failure to notify the Court of a change of address in accordance with [Local] Rule 10.1(c)(2) may result in the dismissal of any pending action."  L.R. 41.2(b).

> of the court's interest in managing its docket with the plaintiff's
> interest in receiving a fair chance to be heard, and (5) whether the
> judge has adequately considered a sanction less drastic than
> dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).  No singular factor is

dispositive.  *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir.

1994).  The Court will address these factors in turn.

### A.   Duration

Plaintiff's last communication with the Court was the notice of change of address, filed

on June 11, 2020.  (Dkt. No. 25.)  Plaintiff's address was listed as "Cayuga County Jail, 7445

County House Road, Auburn, NY 13021."  *Id*.  The first use of this address to reach Plaintiff was

the Clerk's mailing of this Court's January 12, 2021, Order and Report-Recommendation.  (Dkt.

No. 27.)  The Order was returned as "undeliverable" on January 27, 2021.  (Dkt. No. 28.)

Giving Plaintiff the benefit of doubt, the Court finds he has failed to comply with the Court's

directives since at least January 27, 2021, *i.e.*, the first date mail was returned.  However, his last

*actual* contact with the Court was June 11, 2020.  (Dkt. No. 25.)

The Second Circuit affirmed the dismissal of a case under Rule 41(b) where, "by the time

the [District] Court issued its decision; eleven months had passed since [the Plaintiff's] response

to discovery demands was first due."  *Heendeniya v. St. Joseph's Hospital Health Center*, 830 F.

App'x 354, 358 (2d Cir. 2020).  The Court also noted that even "shorter delays could support

dismissal."  *Id*. (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980)

(affirming dismissal where plaintiffs took no steps to move case toward trial during a six-month

period)).  Here, given Plaintiff has indisputably failed to participate in this litigation since at least

June 11, 2020, and failed to follow Court directives since January 27, 2021, the Court finds this

factor weighs in favor of dismissal.

### B.     Notice

"[W]hile a court is ordinarily obligated to afford a special solicitude to *pro se* litigants,

dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a

warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740

F.3d 860, 862 (2d Cir. 2014) (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir.

1994)) (quotations omitted).  Both decisions of this Court and the Local Rules provided notice to

Plaintiff that failure to provide an updated address to the Court would result in dismissal.  The

Orders from October 4, 2019, and December 6, 2019, stated "Plaintiff is . . . required to promptly

notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address;

his failure to do so will result in the dismissal of his action."  (Dkt. No. 7 at 14; Dkt. No. 9 at 11.)

Plaintiff has engaged in this litigation since these Orders, and there is no reason to believe he was

not in receipt of these documents.  Local Rules also warned Plaintiff "failure to notify the Court

of a change of address . . . may result in the dismissal of any pending action."  L.R. 41.2(b).[5]

Accordingly, Plaintiff was aware of the consequences of failing to provide an accurate address

and was warned multiple times that dismissal could follow.  As such, this factor weighs in favor

of dismissal.

### C.     Prejudice to Defendant

Prejudice "may be presumed as a matter of law in certain cases, but the issue turns on the

degree to which the delay was lengthy and inexcusable."  *Drake*, 375 F.3d at 256 (citing *Lyell*

*Theatre Corp. v. Loews Corp.*, 682 F.3d 37, 43 (2d Cir. 1982)).  Therefore, where a "delay is

more moderate or excusable, the need to show actual prejudice is proportionally greater."  *Id.*

---

[5]  A Text Order issued April 9, 2021, also warned Plaintiff that dismissal could result for failure
to update his address.  (Dkt. No. 35.)  However, the copy of this Text Order mailed to Plaintiff's
last known address was returned to the Court.  (Dkt. No. 36.)

(citing *Lyell Theatre Corp.*, 682 F.3d at 43).  "Where a Plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citations omitted).

Here, Defendant contends it "will certainly be prejudiced by any further delay, as all deadlines have been stayed and Defendant will be unable to receive discovery from Plaintiff or take Plaintiff's deposition."  (Dkt. No. 39-2 at 9.)  Here, the lack of excuse for such a long delay in Plaintiff's accessibility means prejudice is presumed.  Accordingly, the Court finds this factor weighs in favor of dismissal.

### D.    Balancing of Interests

The Second Circuit has stated "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36.  "Nonetheless, fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may warrant a dismissal under Rule 41(b)." *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (citing *Chira*, 634 F.2d at 668 (internal quotation marks omitted)).  The *Rubin* Court also stated that Courts in that district "have held that calendar congestion outweigh a plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard." *Id.* (citations omitted).

Defendant states that "the Court's interest in managing its own docket weighs in favor of dismissal at this juncture."  (Dkt. No. 39-2 at 9.)  However, the Defendant does not provide "compelling evidence of an extreme effect on court congestion." *See Lucas*, 84 F.3d at 535.  In *LeSane*, the Second Circuit noted the "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings."

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001); *see also Baptiste v. Sommers*, 768 F.3d 212 (2d Cir. 2014) (concluding that the Court had no reason to believe that the case at issue strained the docket in any unusual way despite a two-year stall); *Mayanduenas v. Bigelow*, 849 F. App'x 308, 311 (2d Cir. 2021) ("[Plaintiff's] failure to prosecute 'was silent and unobtrusive rather than vexatious and burdensome,' thus causing only minor court calendar congestion, if any") (citations omitted).

Here, there is no reason to believe that this case has strained the Court's docket. Accordingly, this factor is neutral.

### E.     Less Severe Sanctions

Finally, this Court must consider whether options less drastic than dismissal could be appropriate.  Other possible options include an extension of time or the imposition of a fine.  *See Anthony v. Lyons*, 9:18-CV-0849, 2021 WL 1701754, at *5 (N.D.N.Y. Apr. 12, 2021) (citations omitted).  However, Courts "are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record."  *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

In the present case, Defendant asserts "it is not clear what, if any, less drastic sanction would adequately address the circumstances here[,] . . .because Plaintiff's whereabouts are unknown, and any such order would not reach him[.]"  (Dkt. No. 39-2 at 10.)  The Court agrees. "Dismissal has been found to be an 'adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.'"  *Anthony*, 2021 WL 1701754, at *5 (quoting *Rubin*, 319 F.R.D. 122 (finding that "it would not even be possible to impose lesser sanctions" where the plaintiff had "effectively disappeared")).  Here, the Court is unable to determine how to inform Plaintiff of some other

sanction.  Moreover, the Court notes Plaintiff will retain at least one further opportunity to inform the Court of his whereabouts during the time he has to object to this Report-Recommendation.  If Plaintiff contacts the Court during this period of time, Judge Hurd may well find that a less strict sanction is appropriate.  However, the Court finds this factor weighs in favor of dismissing this action.

Nevertheless, given his *pro se* status, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. County of Suffolk*, No. 08–CV–826 (JFB)(ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010); *see also Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) ("In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal without prejudice is warranted").

## III.    CONCLUSION

After weighing all the necessary factors, and for the reasons stated above, the Court recommends granting Defendant's motion to dismiss.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 39), be **GRANTED** and Plaintiff's amended complaint (Dkt. No. 8) be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 25, 2021
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2021 WL 1701754
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Terrence ANTHONY, Plaintiff,

v.

Michael LYONS, et al., Defendants.

9:18-CV-0849 (GLS/CFH)
|
Signed 04/12/2021

**Attorneys and Law Firms**

Terrence Anthony, 17-A-1847, Montgomery County Jail, P.O. Box 432, Fultonville, New York 12072, Plaintiff pro se.

OF COUNSEL: MICHAEL L. GOLDSTEIN, ESQ., Assistant County Attorney, Albany County Attorney's Office, 112 State St., Albany, New York 12207, Attorneys for Defendants.

## REPORT-RECOMMENDATION AND ORDER

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

### I. INTRODUCTION

**\*1** On July 19, 2018, Plaintiff pro se Terrence Anthony ("Plaintiff") commenced this action for claims arising out of an incident which occurred on April 11, 2017, while he was incarcerated at the Albany County Correctional Facility. Dkt. No. 1 at 1; Dkt. No. 50 at 2. Plaintiff filed a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 5-6. Plaintiff alleges Eighth Amendment claims relating to: (1) conditions of confinement against Defendants Corrections Officer ("C.O.") Miller, C.O. Larry, Michael Lyons, and Chief of Corrections Brian Mooney; (2) excessive force against defendant William Carhart; and (3) failure to protect against Defendants Lyons and Mooney. Dkt. No. 50 at 2-4; see Dkt. No. 49 at 2.

Presently pending before the Court is Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P.") 41(b) and Rule 10.1(c)(2) of the Local Rules of the Northern District of New York ("Local Rules"). Dkt. No. 91-6 at 5-6. Plaintiff did not oppose this motion. For the

reasons set forth below, it is recommended that Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute be granted, and that Plaintiff's claims against unserved defendants C.O. Larry and C.O. Miller be dismissed without prejudice.

### II. BACKGROUND

On July 19, 2018, the Court issued an Order directing administrative closure and denying plaintiff's in forma pauperis (IFP) application. Dkt. No. 4. On July 27, 2018, Plaintiff re-applied to proceed IFP and the case was reopened; however, on August 8, 2018, Plaintiff's second IFP application was denied as incomplete. Dkt. No. 5; Dkt. No. 7; Dkt. No. 8. On January 4, 2019, the Court issued a Decision and Order granting Plaintiff's IFP application and ordering dismissal with prejudice of Plaintiff's claims against the State of New York under the Eleventh Amendment, and dismissed the remainder of Plaintiff's claims without prejudice. Dkt. No. 15 at 2, 10. On January 30, 2019, Plaintiff filed his first amended complaint, and on February 27, 2019, the Court issued a Decision and Order concluding that Plaintiff's Eighth Amendment conditions of confinement claims, excessive force claim, and failure to protect claims survived sua sponte review. Dkt. No. 16; Dkt. No. 17 at 17. On May 17, 2019, Defendants Lyons, Mooney, and Carhart filed their answer to the amended complaint. See Dkt. No. 27.

Next, the Court granted a variety of extensions. On June 19, 2019, all deadlines were extended 60 days at Plaintiff's request. Dkt. No. 29; Dkt. No. 33. At this time, the Court notified Plaintiff that it would not "indefinitely adjourn" the action and that further extensions "must be accompanied by a showing of good cause." Dkt. No. 33. On January 15, 2020, in response to Plaintiff's third amended complaint, all deadlines were extended by 60 days. See Dkt. No. 56. On March 6, 2020, Plaintiff and counsel for Defendants Lyons, Mooney, and Carhart attended a discovery hearing. Defendants indicated that they had not received any of Plaintiff's Rule 26 disclosures. Text Min. Entry dated Mar. 6, 2020.

**\*2** On April 22, 2020, Defendants requested a 60-day extension of the discovery and dispositive motion deadlines because Plaintiff had not provided an updated address or contact information following his release from state custody. Text. Min. Entry dated May 28, 2020; Dkt. No. 75. The Court granted this request on April 23, 2020, and "remind[ed]

plaintiff of his duty to provide a current address to the Court and that any failure to attend a deposition, participate in discovery, or comply with court orders may result in dismissal of his case." Dkt. No. 76. On April 27, 2020, Plaintiff notified the Court in writing that his address had changed to the Montgomery County Jail; however, the Court's April 23, 2020 Order, which was sent to this address, was returned as undeliverable. Dkt. No. 77; Dkt. No. 85.

On May 28, 2020, Plaintiff notified the Court by telephone to provide an updated mailing address of 115 Nutgrove Lane, Albany, New York 12202. Dkt. No. 81; Text Notice dated May 28, 2020. At that time, the clerk advised Plaintiff that he must notify the Court in writing about his change of address. Text Notice dated May 28, 2020. On June 16, 2020, the Court noted that Plaintiff did not update the Court regarding his new address in writing, and directed Plaintiff to "notify the Court of his current address in writing, within fifteen days of the date of this Order." Text Min. Entry dated June 16, 2020. On July 13, 2020, the Court's June 16, 2020 Order was re-served to Plaintiff at the Nutgrove Lane address. Dkt. No. 85. Plaintiff failed to update his address in writing within 15 days, as the Court directed in its June 16, 2020 Order. Additionally, two deposition notices that Defendants sent to the Nutgrove Lane address were returned as undeliverable. Dkt. No. 91-2; Dkt. No. 91-3. The Court extended the deadlines for discovery and dispositive motions to August 24, 2020 and October 26, 2020. Dkt. No. 83. It also informed the parties that there would be no further extensions of these deadlines. Id.

On August 19, 2020, the Court scheduled a discovery conference for August 31, 2020, and "advised [Plaintiff] that failure to appear at Court Ordered conferences or to abide by Court Orders may result in dismissal of his case." Dkt. No. 87. Plaintiff failed to appear for this conference. Dkt. No. 88. On September 2, 2020, the Court extended the discovery deadline to October 9, 2020, and again notified Plaintiff that "failing to appear for his deposition, appear at Court ordered conferences and failing to participate in the exchange of discovery can result in ... sanctions, to include dismissal" of his case. Id. This Text Order and the August 19, 2020 Order were served on Plaintiff. Dkt. No. 87; Text Min. Entry dated Sept. 2, 2020. On October 1, 2020, Plaintiff failed to appear for his deposition. Dkt. No. 89 at 1. On October 30, 2020, Defendants Lyons, Mooney, and Carhart filed a Motion to Dismiss for Failure to Prosecute. Dkt. No. 91-7; Dkt. No. 90. Plaintiff did not respond.

## III. DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). As dismissal under Rule 41(b) is a "harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies." Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors. The court must examine:

> **\*3**  (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 55 F.3d 71, 74–76 (2d Cir. 1994)); Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). "No one factor is dispositive." United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 995 F.2d 458, 461 (2d Cir. 1993)).

### B. Analysis

### 1. Duration of Delay

There are two inquiries the Court reviews in assessing the duration of delay: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration." Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). The initial inquiry asks "whether or not the delay was caused by plaintiff's side as a whole." Drake, 375 F.3d at 255. In Jackson v. City of New York, the Second Circuit found that "the parties were in constant contact with each other and the judge," and as such that "the delays [were] as much the defendants' fault as they were [the plaintiff's]." 22 F.3d 71, 75 (2d Cir. 1994). Here, the delays were due to Plaintiff's failure to comply with Court orders to serve his Rule 26 disclosures, provide a written address to the Court in writing, appear at the August 31, 2020 discovery conference as directed by the Court, and appear for his deposition. Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, Plaintiff caused the delay in this case.

Thus, the next question is whether those failures were of significant duration. Drake, 375 F.3d at 255. "[T]here is no 'magic number'" for the length of the delay. Copeland, 194 F.R.D. at 132. Instead, the inquiry focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines. Id. at 132, 134; Peart, 992 F.2d at 461. Plaintiff's last involvement in this case was his call to the Court on May 28, 2020. Dkt. No. 81. As Plaintiff failed to follow the Court order to provide the Court and Defendants with a written notice of his current address, and alleged that he could not access an electronic device to appear at a video deposition, Defendants had to request extensions of the discovery and dispositive motion deadlines, delaying the matter by another 60 days. Dkt. No. 83; see Dkt. No. 82. Plaintiff also failed to appear for the August 31, 2020, discovery conference, requiring rescheduling to October 9, 2020. Dkt. No. 88; Dkt. No. 91-6 at 3.

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four ... months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has caused this case to be delayed since April 27, 2020, the date he last participated in this case. See Dkt. No. 77. This is a significant delay, given that Plaintiff provided no excuse for his failure to comply with Court orders and discovery deadlines. As such, this factor weighs in favor of dismissal.

### 2. Notice

**\*4** The second factor the Court assesses in determining whether to dismiss for failure to prosecute requires that the plaintiff receive express notice from the Court that further delays would result in dismissal. Lucas, 84 F.3d at 535. The Court's orders of April 23, 2020, August 19, 2020, and September 2, 2020, all state that Plaintiff's failure to comply with Court orders and participate in the discovery process could lead to the imposition of sanctions, including the dismissal of his case. Dkt. No. 76; Dkt. No. 87; Dkt. No. 88. All Court orders were served on Plaintiff at the address he had provided to the Court. Id. Plaintiff had received express notice from the Court that failure to prosecute his case could lead to the dismissal of his case. Therefore, this factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

The third factor the Court must review examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535. Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Such prejudice can be presumed because "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romanette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

Here, Plaintiff failed to comply with multiple Court orders in the face of warnings that failure to comply would risk dismissal. See Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, his actions unreasonably

delayed the case, and so prejudice to Defendants can be presumed due to the increased likelihood that relevant evidence may be lost. 📑 Shannon, 186 F.3d at 195. Furthermore, this action has been pending since 2018, concerns an incident that occurred in 2017, and has seen its discovery deadlines pushed back by several months. See Dkt. No 1 at 1; Dkt. No 29 at 5–6; Dkt. No. 50 at 2; Dkt. No. 88. This passage of time makes evidence "increasingly unlikely to be available," which prejudices Defendants. Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F.App'x 354, 358 (2d Cir. 2020) (summary order). Thus, even if prejudice were not presumed, Defendants have still been prejudiced by Plaintiff's delays, as the amount time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence. See Heendeniya, 830 F.App'x at 358; 📑 Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

### 4. Balance Between Calendar Congestion and Due Process Rights

The fourth factor the Court assesses in determining whether to dismiss for failure to prosecute requires the Court to balance managing its docket with the plaintiff's interest in receiving a fair chance to be heard. Lucas, 84 F.3d at 535. A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court congestion" is necessary in order for this factor to weigh in favor of dismissal. Lucas, 84 F.3d at 535–36; Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citation omitted). A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard. 📑 Shannon, 186 F.3d at 195. Furthermore, a plaintiff's failure to "move the case toward trial" subordinates the plaintiff's interest in being heard to a court's interest in managing its docket. Heendeniya, 830 F.App'x at 358 (citing 📑 Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)). Here, the Court provided Plaintiff with multiple opportunities to be heard, including extending the discovery deadline after Plaintiff failed to appear for the August 31, 2020 conference. Dkt No. 87; Dkt. No. 88. Therefore, this factor weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

**\*5** The final factor the Court reviews in assessing whether to dismiss a case for failure to prosecute examines whether the court has adequately considered sanctions less drastic than dismissal. Lucas, 84 F.3d at 535. Less drastic responses include an extension of time or the imposition of a fine. 📑 Drake, 375 F.3d at 257; 📑 Spencer v. Doe, 139 F.3d 107, 114 (2d Cir. 1998). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record." 📑 S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016).

Plaintiff has not made any contact with the Court or Defendants since notifying the Court of his changed address by phone on May 28, 2020, and has disregarded multiple Court orders. Dkt. No. 81; Dkt. No. 87; Dkt. No. 88. As such, imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122. Further, given that Plaintiff has not provided an updated address, and mail sent to the most recent address provided was returned to sender, the Court is unable to establish contact with Plaintiff. See Flynn v. Ward, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] Plaintiff."). Even if the Court were to impose a lesser sanction such as a fine, it would have to "adequately address the prejudice Defendants had suffered" to be effective. 📑 Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice Defendants suffered from the delay in the case, as (1) Plaintiff is proceeding IFP and would be unlikely to pay, and (2) a fine does not mitigate the potential difficulty Defendants would face in collecting evidence on an incident that occurred in 2017. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff

is proceeding IFP); Jackson v. United States, 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences). As such, this final factor also weighs in favor of dismissal. Thus, it is recommended that the Court grant defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b).

The undersigned concludes that dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and and 41.2(b), which allows for the dismissal of an action when a party fails to notify the Court of a change of address. See, e.g., Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address). Accordingly, it is recommended that the action be granted pursuant to Rule 41(b) and Local Rule 10.1(c)(2). See, e.g., Hicks v. Stermer, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the pro se plaintiff failed to prosecute the action, and is a sanction less severe than dismissal with prejudice).

### C. The Unserved Defendants

**\*6** Plaintiff never properly identified or served any complaint on defendants C.O. Larry or Miller. See Text Min. Entry dated June 16, 2020; Dkt. No. 56. Under Fed. R. Civ. P. 4(m), "if a defendant is not served with 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). The Second Circuit has said that "Rule 4 ... is to be construed liberally," and that failure to serve a defendant will lead to dismissal "unless it appears that proper service may still be obtained." Romandette, 807 F.3d at 311; Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972). Moreover, Rule 4(m) gives the court discretion "to extend the time for service." Jones v. Westchester Cty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016).

Here, the Court issued three orders extending Plaintiff's time to submit an amended complaint properly identifying C.O. Larry and C.O. Miller, ultimately extending his deadline to properly identify them until July 24, 2020. Text Min. Entry dated Oct. 18, 2019; Text Min. Entry dated Jan. 15, 2020; Text Min. Entry dated June 24, 2020. As Plaintiff did not properly identify these defendants in response to these orders, dismissal without prejudice for failure to timely serve is warranted. Therefore, because more 90 days have passed since Plaintiff filed his third amended complaint on November 14, 2019, the Court gave plaintiff notice of his duty to identify and serve those Defendants, and service was not made within the set time limit, the undersigned recommends that Plaintiff's claims against C.O. Larry and C.O. Miller be dismissed without prejudice in accordance with Rule 4(m).

### IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, it is HEREBY

**RECOMMENDED**, that Defendants Lyons, Mooney, and Carhart's Motion to Dismiss for Failure to Prosecute (Dkt. No. 91-6) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED without prejudice** as to Defendants Lyons, Mooney, and Carhart for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(b); and it is

**RECOMMENDED**, that Plaintiff's complaint, as set forth against unserved Defendants C.O. Miller and Larry be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir.

1989)); see also 🔖 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a). [1]

**All Citations**

Slip Copy, 2021 WL 1701754

## Footnotes

[1]   If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 2985864
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. New York.

Joseph AMOROSO, Plaintiff,
v.
COUNTY OF SUFFOLK, Defendant.

No. 08–CV–826 (JFB)(ETB).
|
July 21, 2010.

**Attorneys and Law Firms**

Joseph Amoroso, Watertown, NY, pro se.

ORDER

JOSEPH F. BIANCO, District Judge.

 **\*1** Before the Court is a Report and Recommendation from Magistrate Judge Boyle recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case.

Plaintiff filed the complaint in this case on February 26, 2008. Plaintiff alleges that he was subjected to excessive force incident to his arrest on August 6, 2007. (*See* Compl. at 5.) Plaintiff's action requests damages for the physical injuries he sustained due to the excessive force, including bruised ribs and other contusions. (*Id.*) On February 29, 2008, plaintiff was granted leave to proceed *in forma pauperis.* (Docket Entry [4].)

Judge Boyle scheduled an initial conference for March 26, 2009. (Docket Entry [16].) Thereafter, the parties proceeded with discovery, which was certified as complete at a conference before Judge Boyle on November 17, 2009. (Docket Entry [30].) At the same conference, plaintiff informed the Court that he expected to be released from prison in late February 2010. (*Id.*) Judge Boyle therefore extended the time for plaintiff to file a list of trial witnesses and exhibits to April 30, 2010. (*Id.*) Judge Boyle further ordered that the parties should file a joint pre-trial order by April 30, 2010

and scheduled the final conference for May 20, 2010. (*Id.*) On May 19, 2010, Judge Boyle noted that the parties had failed to file a joint pre-trial order by that date. (Docket Entry [31].) Judge Boyle directed plaintiff to file a list of witnesses and trial exhibits by June 7, 2010 and directed defendant to file a joint pre-trial order by that same date. (*Id.*) Judge Boyle rescheduled the final conference for June 15, 2010. (*Id.*)

On May 20, 2010, the defendant filed a letter stating that plaintiff had been released from prison on February 26, 2010 but had not supplied defendant with a forwarding address. (Docket Entry [32].) Defendant thus requested the Court's direction as to how to notify plaintiff of the rescheduled final conference. (*Id.*) On June 7, 2010, defendant filed the joint pre-trial order and also filed a letter request for the Court to consider an application to dismiss the matter for failure to prosecute. (Docket Entry [33].) Judge Boyle held the final conference on June 15, 2010. (Docket Entry [35].) Plaintiff did not appear. (*Id.*) Judge Boyle directed the County attorney to notify the *pro se* plaintiff to appear on June 29, 2010. (*Id.*) Defendant served this order on plaintiff on June 15, 2010. (Docket Entry [36].) Plaintiff did not appear at the June 29, 2010 conference. (Docket Entry [37].) Accordingly, on June 30, 2010, Judge Boyle recommended that the action be dismissed because of plaintiff's failure to comply with the court's orders and failure to prosecute the case. (Docket Entry [38].) Judge Boyle directed plaintiff to file objections within fourteen days of service of the Report & Recommendation. (*Id.*) This Court has received no objections to the Report and Recommendation.

 **\*2** A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See* DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous.

*See* Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8

L.Ed.2d 734 (1962)); *see Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996)* ("[D]ismissal [pursuant to Rule 41(b) ] is a harsh remedy and is appropriate only in extreme situations.");

*Wynder v. McMahon,* 360 F.3d 73, 79 (2d Cir.2004) ("Rule [41(b) ] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.,* 133 F.2d 187, 188 (2d Cir.1943) (citing *Blake v. De Vilbiss Co.,* 118 F.2d 346 (6th Cir.1941)); *Refior v. Lansing Drop Forge Co.,* 124 F.2d 440, 444 (6th Cir.1942) ("The cited rule [41(b) ] enunciates a well settled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority ... to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se,* fails to comply with legitimate court directives...." *Yulle v. Barkley,* No. 9:05–CV–0802, 2007 WL2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 63 (2d Cir.2000); *see, e.g., Lucas,* 84 F.3d at 535; *Jackson v. City of New York,* 22 F.3d 71, 74–76 (2d Cir.1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't*

*of Env. Prot.,* 16 F.3d 482, 485 (2d Cir.1994); *see Peart,* 992 F.2d at 461 (" '[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge ..., [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.' " (quoting *Merker v. Rice,* 649 F.2d 171, 173–74 (2d Cir.1981))).

**\*3** Under the circumstances, the above-referenced factors favor dismissal of the instant case. Despite repeated attempts, defendant's counsel has been unable to contact plaintiff since he was released from prison in February 2010. Since that time, plaintiff has not communicated with the Court at all. Additionally, Judge Boyle's Report & Recommendation put plaintiff on notice that the action would be dismissed if he failed to file any objections to the report. Moreover, as noted by Judge Boyle, defendant's counsel reports that he served *pro se* plaintiff at the address provided by his parole officer– 46 West Broadway, Port Jefferson Station, New York 11776 —and that the mailing was not returned as undeliverable. [1] Nonetheless, *pro se* plaintiff has failed to appear or otherwise communicate with the Court following his release from prison on February 26, 2010. In short, as currently situated, there is no way that this action can proceed because plaintiff has not participated in the preparation of a joint pre-trial order with defendant and because plaintiff has failed to appear and his whereabouts are unknown. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R & R for clear error, the Court adopts the findings and recommendations contained in the R & R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2985864

## Footnotes

1    In considering these factors, courts have routinely found that "it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez,* No. 03 Civ. 2997(KMW)(DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g., Parris v. Local 32B–32J,* No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n. 1 (S.D.N.Y. June 12, 1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**   © 2021 Thomson Reuters. No claim to original U.S. Government Works.   3

2020 WL 589048
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Akasha Tania BARKER, Plaintiff,
v.
The CITY OF NEW YORK, Defendant.

19-cv-2582 (JGK)
|
Signed 02/05/2020

**Attorneys and Law Firms**

Akasha Tania Barker, pro se.

Thomas B. Roberts, Andrew James Rauchberg, The City of
New York Law Department, New York, NY, for Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

JOHN G. KOELTL, District Judge:

**\*1** The pro se plaintiff, Akasha Tania Barker, filed this
action against the defendant, the City of New York, alleging
violations of Title II of the Americans with Disabilities
Act, 42 U.S.C. §§ 12131 et seq.; the Fair Housing Act,
42 U.S.C. § 3601 et seq.; and the First and Fourteenth
Amendments of the United States Constitution.

On October 11, 2019, the defendant filed a motion to
dismiss the plaintiff's claims pursuant to Federal Rules of
Civil Procedure 12(b)(1) and 12(b)(6). Dkt. Nos. 33-36. The
plaintiff had until November 1, 2019 to respond, and the
defendant had until November 11, 2019, to reply. Dkt. No.
31. On December 17, 2019, the Court extended the time for
the plaintiff to respond to the defendant's motion to dismiss to
January 17, 2020. Dkt. No. 40. The Court noted that "[f]ailure
to respond to the motion by January 17, 2020, may result in
the Court granting the motion by default; the case would be
dismissed and the plaintiff will have no trial." Id. The plaintiff
has not submitted a response to the motion.

Federal Rule of Civil Procedure 41(b) authorizes a district
court to "dismiss a complaint for failure to comply with
a court order, treating the noncompliance as a failure to
prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir.

1995). A district court contemplating dismissal of a plaintiff's
claim for failure to prosecute and/or to comply with a court
order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's
> failures or noncompliance; 2) whether
> [the] plaintiff had notice that such
> conduct would result in dismissal; 3)
> whether prejudice to the defendant
> is likely to result; 4) [the court's]
> interest in managing its docket against
> [the] plaintiff's interest in receiving an
> opportunity to be heard; and 5) ... the
> efficacy of a sanction less draconian
> than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222
F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in
determining the proper outcome and the Court must weigh all
five factors in determining whether dismissal is appropriate
under Rule 41(b). United States ex rel. Drake v. Norden
Sys., 375 F.3d 248, 254 (2d Cir. 2004); see also Avila v.
Comm'r of Soc. Sec., No. 15CV2456, 2016 WL 1562944, at
*3 (S.D.N.Y. Apr. 18, 2016).

The factors counsel dismissing the plaintiff's suit for failure
to prosecute. First, nearly four months have elapsed since the
filing of the defendant's motion to dismiss. See, e.g., Varney v.
Batman, No. 08CV9702, 2012 WL 1080137, at *1 (S.D.N.Y.
Mar. 30, 2012) (holding a pro se plaintiff's failure to respond
to order to show cause for three months warranted dismissal
without prejudice). Second, the plaintiff was warned that
failure to respond to the motion to dismiss would be a basis to
dismiss the case. The Court's December 16, 2019 Order gave
the plaintiff explicit notice that the failure to respond could
result in dismissal for failure to prosecute. See, e.g., Waters
v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (dismissing
for failure to prosecute where pro se plaintiff repeatedly failed
to pay filing fee and had notice that such failure could result
in dismissal). Third, any prejudice to the defendant has been
minimal. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d
206, 210 (2d Cir. 2001). Fourth, balancing the plaintiff's due
process rights against the Court's need for efficiency, the
prejudice to the Court has been minimal. See id. (holding that
the fourth factor cuts against dismissal when the "plaintiff's
failure to prosecute ... was silent and unobtrusive rather than

vexatious and burdensome: plaintiff simply did not make submissions required by the court.").

 **\*2** "[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." Amoroso v. Cnty. of Suffolk, No. 08CV0826, 2010 WL 2985864, at \*3 (E.D.N.Y. July 21, 2010). The sanction of dismissal without prejudice also complies with the fifth factor. Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." Wingate, 2014 WL 3346319, at \*1 (citing Reeder v. Hogan, 515 Fed. Appx. 44 (2d Cir. 2013) (summary

order)); see also Ortega v. Mutt, No. 14CV09703, 2017 WL 1133429, at \*2 (S.D.N.Y. Mar. 24, 2017). In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's pro se status, a dismissal without prejudice is warranted.


**CONCLUSION**

The plaintiff's case is **dismissed without prejudice** for failure to prosecute. The Clerk is directed to **close the case.**


**SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 589048

---

**End of Document**                              © 2021 Thomson Reuters. No claim to original U.S. Government Works.